of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**MEI JUAN CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.**

No. 05–0126–ag.

United States Court of Appeals, Second Circuit.

July 13, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland, ME, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Mei Juan Chen, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") William F. Jankun's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer attorney general John Ashcroft as the respondent in this case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Although we have some reservations with regard to some of the bases for the IJ's adverse credibility determination, the error-free bases are sufficient, taken as a whole, for us to confidently predict that the IJ would reach the same conclusion regarding Chen's credibility, even without the erroneous bases. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). The IJ reasonably questioned Chen's veracity as to whether she was in hiding because her testimony was not consistent with her husband's testimony as to where they stayed when they returned to their hometown to obtain their marriage license. The IJ also reasonably questioned whether Chen and her husband were actually married, especially because she failed to present any independent evidence of her marriage. Chen argues that it is understandable that she and her hus-

band do not remember all of the exact details of the night he was taken for sterilization, considering that family planning officials had just broken into their home in the middle of the night, while they were sleeping, and the children were crying. However, Chen did not provide this explanation to the IJ, nor would a reasonable fact-finder be compelled to accept the explanation. Lastly, the husband's asylum application states, "I escaped from China because my wife was forced to sterilize." Because Chen and her husband both testified at Chen's hearing that only the husband was sterilized, the IJ reasonably relied on this inconsistency as part of the adverse credibility finding. These errors are significant, and they all relate to the heart of Chen's claim—whether she is married to a man who was forcibly sterilized by the Chinese government. Accordingly, we conclude that the IJ's adverse credibility determination is supported by substantial evidence, and this finding is fatal to Chen's asylum and withholding claims, as well as her CAT claim, to the extent that claim is based on the alleged family planning issues.

Although Chen now asserts that she fears torture because of her illegal departure from China, and she did not raise this argument to the IJ or BIA. Accordingly, her claim is not exhausted, and this Court therefore lacks jurisdiction to review the denial of her CAT claim under 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

The petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2), and Second Circuit Local Rule 34(d)(1).